IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARSHALL H. MURDOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-1136 |
| ) | |
| RONALD COLSON, Warden, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Marshall Murdock, a state inmate presently confined at Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* habeas petition under 28 U.S.C. § 2254 in this Court on October 14, 2011 (ECF No. 1). In conducting the initial review of the petition as required by Rule 4 of the Rules Governing § 2254 Cases, the Court determined that one of the grounds for relief set forth therein states a potentially cognizable claim for habeas relief, insofar as the petitioner asserts that he was denied due process and suffered a violation of his rights under the Ex Post Facto Clause of the United States Constitution based on the state court's considering the petitioner for parole three years prior to his actual Release Eligibility Date ("RED") and at that time refusing to reconsider him for parole until 2012, three years after his RED, as a result of which the petitioner alleges that he suffered a significant risk of increased punishment. The Court therefore entered an order directing the respondent to answer or otherwise respond to the claims raised by Ground Four of the habeas petition.

The respondent complied with that order by filing a motion to transfer the petitioner's habeas petition to the Sixth Circuit Court of Appeals (ECF No. 37), on the basis that the petitioner did not obtain authorization from that court to file a second or successive habeas application under 28 U.S.C. § 2244(b)(3)(A). Alternatively, the respondent argues that even if the Court considers the petition on the merits, it must find that the petitioner is barred by the doctrine of procedural default from seeking habeas review of the claim presented in Ground Four, because the state court decided the issue on an independent and adequate state-law ground—the statute of limitations—which prohibited the state court from reaching the merits of the claim. In the meanwhile, petitioner Marshall Murdock has submitted a

motion for summary judgment (ECF No. 40), in which he argues, as best as the Court can ascertain, that he is entitled to judgment in his favor and immediate release from custody, based on (1) the undisputed fact that he was denied a parole hearing on the RED provided by his sentence; and (2) the respondent's second motion for an extension of the deadline for responding to the present petition was "submitted in bad faith" because the respondent had already had seventy-five days within which to submit his response. (ECF No. 40, at 2.)

For the reasons set forth herein, the Court finds that the matter must be transferred to the Sixth Circuit to be considered as a motion for authorization to file a successive petition. The Court will therefore grant the respondent's motion to transfer without reaching the merits of the petitioner's claims, and the petitioner's motion for summary judgment will be denied as moot.

## I. PROCEDURAL BACKGROUND

In June 2003, petitioner Marshall Murdock pleaded guilty to the underlying charges in Tennessee state court pursuant to a plea agreement. He was sentenced to two concurrent terms of twenty years' imprisonment, to run concurrently with a sentence previously rendered in Mississippi that he was already serving when he was sentenced in Tennessee. After the sentencing in this state, Murdock returned to Mississippi to continue serving his sentence there. After completing service of his Mississippi sentence, he returned to Tennessee in February 2007 to serve the remainder of his twenty-year concurrent prison terms here.

Murdock did not seek direct review of his Tennessee conviction or sentence. After returning to Tennessee in 2007, he instead filed various petitions for collateral relief in the Tennessee state courts challenging his conviction and sentence, but was unsuccessful in obtaining relief. In March 2010, Murdock filed his first habeas petition under 28 U.S.C. § 2254, asserting three grounds for relief including (1) improper sentencing; (2) various trial court errors; and (3) ineffective assistance of counsel. *Marshall v. Parker*, Case No. 1:11-cv-01045 (W.D. Tenn.). That petition was ultimately dismissed as untimely, and final judgment was entered in favor of the respondent on February 7, 2012. Although the trial court declined to issue a certificate of appealability, Murdock nonetheless filed a notice of appeal and a motion to proceed as a pauper in the Sixth Circuit Court of Appeals, which remain pending.

Meanwhile, Murdock filed a completely separate petition under § 2254, also in the Western

District of Tennessee, in July 2010, just months after filing his first petition. The second petition named the State of Tennessee, the Tennessee Department of Corrections and the Tennessee Board of Paroles as respondents, and challenged the Davidson County Chancery Court's refusal to file his petition for a declaratory judgment/writ of certiorari asserting that he had the right to participate in the Tennessee Contract Sentencing Program. *Murdock v. Tennessee*, Case No. 1:10-cv-01169 (W.D. Tenn.). Final order dismissing that claim for failure to assert a claim implicating a federal constitutional right was entered on September 6, 2011.[1] No appeal was taken.

The present petition, Murdock's third habeas petition, was filed on October 17, 2011, a few weeks after dismissal of his second habeas petition, and while his first petition was still pending. In it, Murdock contends, in essence, that he began serving his twenty-year sentence in June 2003, and, pursuant to his plea agreement, he was eligible for parole consideration after service of thirty percent of his sentence. Notwithstanding the terms of his sentence, he was notified in August 2006, after serving only twenty percent of his sentence, that he was "eligible for parole consideration" and that a "non-appearance Administrative Parole Hearing" would be conducted on October 27, 2006. He received notice that he had been denied parole on November 8, 2006. At the same time, Murdock was notified that he would not come up for parole consideration again until October 2012. Murdock appealed the decision to the full parole board but the appeal was denied in February 2007 (though Murdock alleges he did not receive notice of such denial until April 2007).

Murdock asserts in the present action that his actual thirty-percent RED was June 19, 2009, but he was not brought before the Tennessee Board of Paroles for a parole hearing on that date.[2] He filed an administrative action on July 1, 2009. When his demand for a parole hearing was denied, Murdock appealed that decision by seeking a declaratory judgment in the Chancery Court for Davidson County in September 2009, challenging the denial of parole in 2006, the fact that he was not permitted to testify or present witnesses at that parole hearing, and the deferral of his next parole consideration date until 2012, three years after his actual RED. The Chancery Court construed the petition as a common law writ of

---

[1] No mention is made in that opinion of the fact that Murdock had a concurrently pending § 2254 petition.

[2] In his state court appellate brief, Murdock calculates that his thirty percent RED was November 10, 2007 (ECF No. 38-2, at 15), but it is unclear how he arrived at that date.

certiorari challenging the 2006 parole decision and denied it as untimely. Murdock appealed that decision, and the Tennessee Court of Appeals likewise denied relief on the grounds that the petition was untimely, without reaching the merits of any of Murdock's claims. *Murdock v. State*, No. M2010-01471-COA-R3-CV, 2011 WL 1844029 (Tenn. Ct. App. May 13, 2011).

The present petition, challenging that decision, was filed less than a year later.

## II. ANALYSIS AND DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §§ 2244 and 2254, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Cress v. Palmer*, 484 F.3d 844, (6th Cir. 2007) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). If a second or successive petition is filed in the district court without the petitioner's having obtained authorization from the court of appeals to do so, the appropriate procedure is for the district court to transfer the file to the appellate court, which will construe the habeas petition as a request under § 2244(b)(3) for authorization to file the petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for writ of habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."). This Court must therefore determine whether the present petition qualifies as a "second or successive petition" for purposes of § 2244. Because this appears to be a successive petition, it would be error for this court to dismiss the petition as time-barred or procedurally defaulted, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States*, 152 F.3d 188, 190–91 (2nd Cir. 1998).

As set forth above, the present petition is, in fact, Murdock's third § 2254 petition. The respondent argues that the instant § 2254 petition qualifies as a successive petition subject to transfer

because it "concerns parole issues that ar[o]se . . . prior to the dismissal of [Murdock's] previous habeas petition" challenging the denial of his request to participate in Tennessee's Contract Sentencing Program, and that he therefore could have raised the parole issues in the second petition. (ECF No. 37, at 6.). Murdock, for his part, does not dispute that his present petition concerns issues that arose prior to the dismissal of his earlier petition(s). Rather, he argues that his current petition, unlike his prior petitions, does not attack the validity of his conviction or sentence, but instead focuses on the administration of his sentence and the actions of the Tennessee Board of Paroles. He also points out that the claim raised here was not fully exhausted in 2010 when he brought his prior habeas petitions, because the Tennessee Court of Appeals' decision affirming the state Chancery Court's denial of relief on the parole issue was not issued until 2011. Murdock's arguments are unavailing.

While the Sixth Circuit has distinguished instances where § 2244(b) should apply from instances where a subsequent petition is not "successive" under the statute, it does not appear that any such exception pertains here. The Sixth Circuit's decision in *In re Bowen*, 436 F.3d 699 (6th Cir. 2006), conclusively establishes that the present petition must be transferred. In that case, the court did find that a petitioner's second petition was not "successive" under the statute based in part on the fact that the claims in the second petition were not exhausted at the time the petitioner brought his first petition, but the peculiar factual and legal landscape at issue in that case determined the outcome. Specifically, at the time the petitioner filed the first petition, if he had included his unexhausted claims along with his exhausted claims, his "mixed petition" would have been dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), as neither the Sixth Circuit nor the Supreme Court had adopted the "stay-and-abeyance procedure" pursuant to which district courts have the power to retain jurisdiction over mixed petitions and to stay further proceedings pending the complete exhaustion of state remedies.[3] Further, if the petitioner

---

[3] In *Rose*, the Supreme Court adopted a complete-exhaustion rule, which required federal courts to dismiss petitions that contained both exhausted and unexhausted claims. 455 U.S. at 522. A petitioner who brought a mixed petition that was dismissed because of the presence of unexhausted claims, was entitled to resubmit a petition addressing only the exhausted claims, or alternatively to exhaust the remainder of his claims and then resubmit all his now-exhausted claims in one petition. *Id.* at 520. At the time *Rose* was issued, Congress had not yet imposed a strict one-year statute-of-limitations on the filing of § 2254 and § 2255 petitions. In 2002 and 2005, respectively, the Sixth Circuit adopted and the Supreme Court acknowledged the "stay and abeyance" procedure. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (acknowledging and approving the stay-and-abeyance procedure); *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005) (recognizing the district courts' power to stay habeas proceedings

had waited to file a single petition until after he had exhausted the claims raised in the second petition, the claims raised in the first petition would likely have been barred by the statute of limitations, as the Sixth Circuit had interpreted it in *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). *Austin* was later overruled by *Cowherd v. Million*, 380 F.3d 909, 913–14 (6th Cir. 2004) (en banc), which held that state post-conviction relief tolls AEDPA's statute of limitations even if that relief does not raise a federally-cognizable claim. Based on the timing of the petitioner's first habeas petition in *Bowen*—filed after *Austin* but before *Cowherd*— the Sixth Circuit concluded that the second petition in that case was not "successive" under § 2244.

The Sixth Circuit has later confirmed that the holding in *Bowen* is limited to the peculiar circumstances presented there and that, in general, "a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first petition." *In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) (citing 28 U.S.C. § 2244(b)(3)). In *Sosa*, the court specifically recognized that the holding in *Bowen* represents an exception that applies only for the time period after *Austin* and before *Cowherd*, when it was questionable whether exhausted claims would survive AEDPA's one-year statute of limitations if a state prisoner voluntarily dismissed those claims on federal habeas review so as to exhaust his remaining claims and return later to bring all the claims together. *Id.* (citing *Bowen*, 436 F.3d at 705). *"Bowen*'s logic was explicitly limited to 'numerically second petitions of those petitioners who properly presented federal habeas petitions in district courts in this circuit during the window between *Austin* and *Cowherd*, and had other claims that could not be exhausted concurrently with those claims." *Id.*

In short, the fact that the claims raised in the present petition were not fully exhausted at the time Murdock filed either of his prior habeas petitions did not relieve him either of the obligation to raise the present claims in one of the earlier petitions, or, since he did not, to now be required to obtain permission from the Sixth Circuit before filing the present petition. *Cf. Burton v. Stewart*, 549 U.S. 147, 154 (2007) (where the petitioner raised exhausted claims challenging his conviction in his first federal habeas petition while his unexhausted sentencing claims were still pending in state court, AEDPA barred the petitioner

---

pending exhaustion in light of AEDPA's "dramatic[] alter[ation] of] the landscape for federal habeas corpus petitions).

from filing a second federal habeas petition based on the unexhausted sentencing claims, because he had "elect[ed] to proceed to adjudication of his exhausted claims [in federal habeas review]" without exhausting all claims, and therefore could not "later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition").

It is clear that Murdock does not fit the exception created by *Bowen* and that the claims pursued in his present petition arose well before the dismissal of his earlier petitions. The Court therefore finds that the present petition is a successive petition which must be transferred to the Sixth Circuit Court of Appeals to obtain authorization to proceed, pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### III. CONCLUSION

For the reasons set forth herein, the motion to transfer will be granted and the petitioner's motion for summary judgment will be denied as moot. An appropriate order will enter.

_____
Kevin H. Sharp
United States District Judge